Connor, J.
The above case came before the Court for trial and on the issue of Breach of Contract the jury returned a verdict for all three plaintiffs in the amount of five thousand, seven hundred, twenty-eight dollars and seventy cents ($5,728.70). Under the provisions of Chapter 90, Section 34M plaintiffs were entitled to reasonable attorneys fees and that matter was reserved for the Court.
The Court also reserved for decision the G.L.c. 93A and G.L.c. 176D claims brought by the plaintiffs.
After hearing the above non-jury claims, I make the following findings of fact.
Plaintiff Patricia Kontulis (“Kontulis”) was operating her motor vehicle with her two daughters as passengers, Alexis T. Rosa (“Alexis”) and Serena K. Rosa (“Serena”) on June 5, 1999 in the Hyannis section of Barnstable, Massachusetts when she was involved in a motor vehicle collision. All three occupants were injured and received medical treatment.
On June 7, 1999 Kontulis, on behalf of herself and two daughters, filed a notice of claim for personal injury protection plan (“PIP”) benefits in which she described the collision, the persons injured and the nature of the injuries. On June 8, the defendant’s representative forwarded a PIP application to Kontulis for the plaintiffs. When the form was not returned within thirty days, a second set of forms were sent to Kontulis and when there was no response to those, on July 23, the defendant sent a further notice by certified mail, return receipt requested to Kontulis demanding the information regarding medical expenses within one week. To that notice the defendant received no response.
On October 5,1999 Kontulis, through her attorney, submitted PIP applications with regards to herself and her two children, including medical bills and a lost wage statement for Kontulis. The defendant denied payment on the basis that the plaintiffs had breached the contract for insurance which required under G.L.c. 90, §34M that the claimants submit their claim for benefits “as soon as practicable after the accident” and on the basis of their failure to cooperate as required by the standard Massachusetts motor vehicle insurance policy. The plaintiffs claim that the refusal to make payment by the defendant was an unfair or *241 deceptive act or practice and as such a violation of G.L.c. 176D and G.L.c. 93A.
The failure of the plaintiffs to respond to three written requests from the defendant for the return of the PIP applications was indeed frustrating. Nevertheless, the plaintiffs did file the completed applications on approximately the four-month anniversary of the accident at which time all of the medical services had or were about to be completed for the plaintiffs. Kontulis was the representative not only of herself, but her two minor daughters. She did not complete her medical treatment until October and at or about that time submitted the medical bills for all three parties simultaneously to the defendant. While the bills may have been late on behalf of her daughters, one of whom finished treatment in July, the other in August, there has been no showing that defendant was in any way prejudiced by the tardiness in the plaintiffs’ response and submission of bills. Consequently, the defendant was not justified on the basis of the delay in not making payments. Darcy v. Hartford. Insurance Co., 407 Mass. 481, 491 (1990).
There is no absolutely clear standard as to when an insurer has a right to deny payments. The defendant relies on an interpretation of the terms “as soon as practicable” and “failure to cooperate” for its justification. It is understandable that after no response to its three requests for information that the defendant denied payment. There has been no showing that its actions were unfair or deceptive which would be a violation of G.L.c. 176D or c. 93A.
On the claims against the defendant for violation of Chapter 93A and Chapter 176D brought by each of the plaintiffs, I find for the defendant. On the claim for attorneys fees under G.L.c. 90, §34M, I find for the plaintiff and assess legal fees in the amount of Four thousand, five hundred eighiy-seven dollars and fifty cents ($4,587.50) and costs at Five hundred fourteen dollars and seventy cents ($514.70). On the damages awarded on the Breach of Contract issue, I order interest to run from October 15, 1999 at the rate of twelve (12%) percent per annum.